ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JOSHUA A. OWEN (CABN 305174)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7149
    FAX: (415) 436-7234
    Joshua.Owen2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:24-CR-00340-TLT |
|     Plaintiff, | UNITED STATES'S SENTENCING MEMORANDUM |
|   v. | Date: January 31, 2025 |
| BRAYAN GALINDO-BORJAS, | Time: 10:00 a.m. |
|     Defendant. | Judge: Hon. Trina L. Thompson |

## I.    INTRODUCTION

On November 1, 2024, Defendant Brayan Galindo-Borjas pleaded guilty to a single count of Aiding and Abetting Possession with Intent to Distribute Fentanyl occurring on June 3, 2024, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(C). On the date of the offense, federal agents observed the defendant conduct multiple narcotics transactions while his co-defendant, Mark Kapsalis, held the narcotics. Agents then arrested the defendant and his co-defendant and found a substantial amount of cash on the defendant and a substantial amount of narcotics on the co-defendant. The defendant is not a United States citizen and has a long history of criminal immigration violations and narcotics arrests.  Therefore, consistent with the plea agreement, the government is recommending a sentence of 26 months, followed by three years of supervised release, as sufficient but no greater than

necessary to meet the purposes of sentencing.

## II.    OFFENSE CONDUCT AND BACKGROUND

On June 3, 2024, at approximately 1:00 a.m., federal agents were conducting video surveillance in the vicinity of 100 Larkin Street in the Tenderloin in San Francisco, California. PSR ¶ 8. At approximately 1:05 a.m., an unidentified individual handed the defendant U.S. currency. *Id.* The defendant then reached into a backpack being worn by the co-defendant Mark Kapsalis, retrieved a controlled substance, and provided that substance to the individual in exchange for the U.S. Currency. *Id.* At approximately 1:09 a.m., the defendant again reached into the backpack being worn by the co-defendant and retrieved another controlled substance. *Id.* The defendant then provided that substance to another individual in exchange for U.S. currency. *Id.* At approximately 1:17 a.m., the defendant and his co-defendant were arrested by agents. *Id.* Agents found $4,129.45 in U.S. Currency and plastic bags on the defendant. *Id.* Agents also found a substantial amount of various controlled substances on Mark Kapsalis, of which, at least 160 net grams but less than 280 net grams of fentanyl were attributed to the defendant. PSR ¶ 9. The defendant has admitted to working with Mark Kapsalis that night to sell narcotics. PSR ¶ 8.

The defendant has been removed from the United States three times since turning 18. See PSR ¶¶ 26, 27, 36. Further, the defendant has twice been convicted of misdemeanor violations of 8 U.S.C. § 1325, Illegal Entry. PSR ¶¶ 26, 27. Resulting in a 30-day sentence of imprisonment and then a 75-day sentence of imprisonment. *Id.* He has also been arrested four times for felony narcotic sales offenses. PSR ¶¶ 30, 31, 35, 37.

## III.    SENTENCING GUIDELINES CALCULATIONS

The parties' Plea Agreement [ECF 34] sets out the Guidelines offense level calculation for this case as follows:

a.    Base Offense Level, U.S.S.G. § 2D1.1(c)(7):                    26

b.    Acceptance of Responsibility, U.S.S.G. § 3E1.1:               -3

c.    Zero Point Offender Adjustment, U.S.S.G. § 4C1.1:            - 2

d.    Total Offense Level:                                         21

The Guidelines offense level calculation in the PSR matches the above calculation. PSR ¶ 23. The defendant's Criminal History Category is I, which results in a Guidelines range for his sentence of 37 to 46 months. PSR ¶ 28.

## IV.    LEGAL STANDARD

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted).  In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;

- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

- the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V.    SENTENCING RECOMMENDATION

The United States recommends that the Court sentence the defendant to 26 months imprisonment, which represents a downward variance from the applicable Guidelines range.  Consistent with 18 U.S.C. § 3553(a), such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense and to provide specific deterrence given the defendant's criminal history.

<u>History and Characteristics of the Defendant</u>

The defendant started his criminal career as soon as he turned 18, when he was arrested twice for selling narcotics. PSR ¶¶ 30, 35. While he successfully completed diversion, he continued to be arrested for narcotics sales offenses. Specifically, he was arrested two more times for selling narcotics in 2015 and 2020. PSR ¶ 31, 37. During that time, the defendant was also removed multiple times and was convicted of two separate misdemeanor violations of 18 U.S.C. § 1325, both in 2013. PSR ¶¶ 26, 27, 36. However, it is worth noting that the defendant does not have any recent criminal convictions. This is one

1   of the two reasons, the other being defendant's early acceptance responsibility, for the 30% downward

2   variance from the low-end of the Guidelines Range recommended by the United States. However, this

3   history is still significant and does not warrant any variation below the 26 months already recommended.

4       <u>Nature and Circumstances of the Offense</u>

5       The circumstances of the present case show the defendant's high level of criminal experience

6   and sophistication. As discussed above, the defendant has a long history selling narcotics. This

7   experience is demonstrated in this case by his use of his co-defendant, Mark Kapsalis, to hold the

8   narcotics while the defendant sold them. PSR ¶ 8. Law enforcement observed the defendant conduct

9   multiple narcotics transactions. *Id*. Each time, the defendant reached into the backpack of the co-

10  defendant to obtain the narcotics. *Id*. However, the defendant kept the cash from each sale, and he was

11  the only one found to be in possession of the proceeds from the sales. *Id*. This shows that the defendant

12  was not only the leader of the sales operation, but that he was leading a fairly sophisticated operation.

13  The defendant had his co-defendant hold the narcotics in an attempt to avoid criminal liability for

14  himself, but was still in charge of all the narcotics proceeds. This sophisticated conduct shows why a

15  sentence of 26 months imprisonment necessary.

16      <u>Need to Promote Respect for the Law and Provide Just Punishment</u>

17      The defendant's repeated violation of federal court orders demonstrates a need for a sentence that

18  promotes respect for the law. As discussed above, the defendant has been ordered removed from the

19  United States three times since turning 18 and convicted of Illegal Entry twice. PSR ¶¶ 26, 27, 36.

20  Despite this, the defendant continues to return to the United States, ignoring both the Court and the law.

21  If the defendant is already disobeying federal court orders, then it is clear that a sentencing of time

22  served with supervised release is not sufficient, as the defendant has already demonstrated is complete

23  disregard for federal court orders. Therefore, a sentence of imprisonment is needed to promote respect

24  for the law.

25      <u>Need to Afford Adequate Deterrence</u>

26      The defendant has already been convicted twice in federal court of violations of 8 U.S.C. 1325,

27  Illegal Entry. PSR ¶¶ 26, 27.  Resulting in a 30-day and then a 75-day term of imprisonment. However,

28  these sentences have failed to provide deterrence as the defendant continues to return to the United

States to sell narcotics. It is clear from this repeated conduct that the defendant fails to take federal laws seriously and that the only way to provide adequate deterrence is a sentence of imprisonment of 26 months.

Need to Avoid Unwarranted Disparities

The Guidelines Range for the defendant's sentence is 37 to 46 months. According to the PSR, the average length of imprisonment imposed on similar defendants was 27 months and the median length of imprisonment was 29 months. PSR ¶ 77. A sentence of 26 months is already well below the Guidelines, the average, and median length of imprisonment. There are no facts in the case, other than the ones discussed above, that warrant a further variance. Therefore, any sentence below the 26 months imprisonment would cause an unwarranted disparity from sentences imposed on other similar defendants.

**VI.    CONCLUSION**

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a) and for the reasons stated herein, the United States respectfully recommends a sentence of 26 months imprisonment as sufficient, but not greater than necessary. The United States also respectfully requests that the Court sentence the defendant to a three-year term of supervised released and a $100 special assessment.

DATED: January 23, 2025                    Respectfully submitted,

                                                                ISMAIL J. RAMSEY
                                                                United States Attorney


                                                                 _/s/ Joshua A. Owen_____
                                                                JOSHUA A. OWEN
                                                                Special Assistant United States Attorney